UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA N.,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. C20-5618-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in discounting an opinion written by treating physician John Rodakowski, M.D., and in discounting her testimony. Dkt. 24 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 54 years old, has a high school diploma, and previously worked as a financial coordinator, legal assistant, loan manager, and receptionist. Tr. 666, 683. In August 2016, she protectively applied for benefits, alleging disability as of August 25, 2013. Tr. 630-37. Her applications were denied initially and on reconsideration. Tr. 512-26, 528-33. The ALJ conducted a hearing in April 2019 (Tr. 417-56), and subsequently found Plaintiff not disabled.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

Tr. 397-408. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff had the following severe impairments: degenerative disc disease and nephrotic syndrome.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. She can frequently push and pull with the left upper extremity. She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally reach, stoop, kneel, crouch, and crawl. She can frequently balance. She can frequently reach and handle with the left upper extremity. She must avoid concentrated exposure to vibration and to hazards in the workplace, such as moving machinery and unprotected heights.

**Step four:** Plaintiff can perform her past work, and is therefore not disabled.

Tr. 397-408.

## DISCUSSION

**A.   Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) her activities (driving, yardwork, gardening, socializing, shopping, caring for her five-year-old grandson) were inconsistent with her alleged limitations, namely the inability to drive and disabling left arm pain; (2) Plaintiff claimed to have a condition (syncope and/or seizure disorder) that has no

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

support in the record; (3) Plaintiff has refused treatment and failed to attend medical appointments, and failed to follow medication recommendations; and (4) test results show that Plaintiff made inconsistent statements about her methamphetamine, marijuana, and opiates use. Tr. 403-05. An ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first challenges the ALJ's reasoning pertaining to her activities. Dkt. 24 at 11-12. She contends she could have used mainly her right arm to complete her activities, and the ALJ therefore erred in assuming she used her left arm. *Id.* However, Plaintiff cites to nothing in the record suggesting this. Thus, it was not unreasonable for the ALJ to find that many of Plaintiff's activities contradicted her alleged left-arm limitations. Furthermore, Plaintiff does not dispute that the record is inconsistent with her allegation that she does not drive. *See* Dkt. 24 at 12. Because the ALJ cited evidence of Plaintiff engaging in activities inconsistent with her allegations, the ALJ did not err in relying on this evidence to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Next, Plaintiff argues the ALJ erred in finding "that the trajectory of the objective evidence and absence of treatment for long periods undermined Plaintiff's subjective claims," because Plaintiff repeatedly engaged in treatment and had radiological testing throughout the adjudicated period. Dkt. 24 at 13. Plaintiff does not address the specific examples of gaps in treatment between the date last insured and the protective filing date, the treatment refused, and the missed appointments identified by the ALJ, however. *See* Tr. 404-05 (citing, *e.g.*, Tr. 1325, 1409). Plaintiff has thus not shown the ALJ's finding is not supported by substantial evidence

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

and has failed to show that the ALJ unreasonably found Plaintiff's course of treatment undermined her subjective allegations. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff also argues the ALJ erred in discounting her allegations because some of the impairments she alleged were not well-documented in the record.[3] *See* Tr. 405. The ALJ noted Plaintiff attributed many limitations to syncope, yet "syncope has not been assessed as related to a medically determinable impairment." *Id*. Plaintiff argues Dr. Rodakowski's opinion is not based on syncope (Dkt. 24 at 13), but that argument does not show error in the ALJ's findings regarding *Plaintiff's testimony*. The ALJ also found Plaintiff's allegation of a seizure disorder was not supported by the record (Tr. 405), and Plaintiff does not point to any evidence establishing the finding is erroneous. Plaintiff further suggests the ALJ "twisted her arm" to obtain an allegation of a mental impairment and then discounted her opinion based on the lack of support for this "extraneous claim[]" (Dkt. 24 at 13), which is not an accurate representation of the hearing transcript (Tr. 439-40). Furthermore, the ALJ did not discount mental limitations based on a lack of objective support: the ALJ noted that Plaintiff refused mental health treatment when offered and requested medications for anxiety that were contraindicated. *See* Tr. 405 (citing 1061). Plaintiff has not shown the ALJ erred in considering the extent to which Plaintiff's alleged conditions or limitations were consistent with the record, and did not err in discounting some of her testimony as inconsistent. *See Carmickle v. Comm'r of Social Sec.*

---

[3] As noted by the Commissioner (Dkt. 26 at 4 n.2), the ALJ did not include syncope, seizure disorder, or anxiety as medically determinable severe impairments at step two, and Plaintiff does not assign error to this finding. *See* Tr. 399-401. This unchallenged reasoning clarifies the ALJ's interpretation of the evidence as to these conditions, and undermines Plaintiff's argument that the ALJ discussed "extraneous" conditions only to use them as reasons to discount Plaintiff's testimony.

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

1  *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a
2  sufficient basis for rejecting the claimant's subjective testimony.").
3  For the foregoing reasons, the Court will not disturb the ALJ's determination to discount
4  Plaintiff's testimony.
5  **B.      Dr. Rodakowski's opinion**
6  Dr. Rodakowski completed a form opinion in April 2019 describing Plaintiff's symptoms
7  and limitations.  Tr. 1501-05.  Dr. Rodakowski opined, *inter alia*, Plaintiff could not
8  stand/walk/sit for more than four hours per eight-hour workday, and that she would only be able
9  to use either arm for reaching, grasping, turning, and fine manipulations for 5-10% of the
10 workday.  *Id*.  He also opined Plaintiff had many other disabling limitations in areas such as off-
11 task behavior and absenteeism.  *Id*.
12 The ALJ gave "little weight" to Dr. Rodakowski's opinion

> because there is no explanation for the extreme manipulative limits, especially for the right upper extremity, which has been shown to be pain free, even after the rollover car accident in early 2018.  Some left upper extremity issue has been present since March 2014, and yet no distinction is made as to whether these limitations were present all the way back to that point or just since the car accident, or perhaps only since early 2019 when the opinion was written.  This lack of information means the usefulness of this statement is limited when determining the [RFC] assessment.  The specific opinions of the State agency medical consultants are therefore more useful, and they are given more weight.

18 Tr. 406-07.  Plaintiff argues the ALJ erred in explaining only why he discounted the arm
19 limitations described by Dr. Rodakowski, when the doctor "found a complex of impairments
20 causing global limitations, such as thoracic disc degeneration, chronic pain, and severe
21 anxiety[.]"  Dkt. 24 at 6.  Plaintiff also argues that contrary to the ALJ's findings, the record
22 documents "left arm functional loss and chronic pain supporting Dr. Rodakowski's limitations."
23 Dkt. 24 at 6.

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

1       This argument misses the ALJ's focus: the ALJ acknowledged Plaintiff did have an "issue" with her left arm but found Dr. Rodakowski's opinion was unsupported as to the *right* arm. *See* Tr. 406-07. Plaintiff has not pointed to any evidence contradicting the ALJ's finding that Plaintiff described her right arm as pain-free for most of the period, and this finding is a specific, legitimate reason to discount Dr. Rodakowski's opinion that Plaintiff was significantly limited as to her use of her right arm. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

The ALJ also indicated that both the left-arm and right-arm limitations were unexplained (Tr. 406), which is a reasonable description of the opinion. *See* Tr. 1502. Dr. Rodakowski indicated Plaintiff's right-arm problems were more limiting than her left-arm limitations (Tr. 1502), which the ALJ reasonably found to be reasonably inconsistent with the record and inconsistent with the more specific opinions of the State agency consultants. Tr. 406-07. This is a legally sufficient reason to discount Dr. Rodakowski's opinion as to the manipulative limitations. *See Thomas*, 278 F.3d at 957.

However, Dr. Rodakowski's opinion describes many other limitations that conflict with the ALJ's RFC assessment as well (pertaining to, *e.g.*, sitting, standing, walking, absenteeism, off-task behavior, need for unscheduled breaks), and the ALJ's decision does not explain why those limitations are not accounted for. Because the ALJ's decision narrowly focuses on one category of Dr. Rodakowski's opinion (the manipulative limitations), but does not provide any reason to discount the other sections of the opinion, the Court finds the ALJ failed to provide legally sufficient reasons to discount most of the limitations described in Dr. Rodakowski's opinion, other than the manipulative limitations.

On remand, the ALJ should reconsider Dr. Rodakowski's opinion and either credit it or provide legally sufficient reasons to discount all of the disabling limitations he describes.[4]

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider Dr. Rodakowski's opinion and either credit it or provide legally sufficient reasons to discount all of the limitations he describes, develop the record and redetermine Plaintiff's RFC as necessary and proceed to the remaining steps as appropriate.

DATED this 15th day of April 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

---

[4] Although Plaintiff requests a remand for a finding of disability in the alternative (Dkt. 24 at 14), the Court finds that this remedy is not appropriate in light of the ALJ's reasonable assessment of Plaintiff's subjective testimony. Those findings create a conflict in the record and also raise serious doubts as to Plaintiff's eligibility for benefits, and thus the Court finds that a remand for further proceedings is appropriate under the circumstances of this case. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").